1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                    FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8   ADAM LINGAD,                      )
                                      )
9                 Plaintiff,          )    2:09-cv-02347
                                      )
10        v.                          )    ORDER GRANTING DEFENDANTS
                                      )    MORTGAGEIT AND MERS' MOTIONS
11  INDYMAC FEDERAL BANK; MORTGAGEIT, )    TO DISMISS*
    INC.; MORTGAGE ELECTRONIC         )
12  REGISTRATION SYSTEMS, INC.; OPTIMUM)
    LENDING GROUP, INC.; FRANK HOI    )
13  CHEUNG WONG; ANTHONY PADUA; DOES  )
    1-20 inclusive,                   )
14                                    )
                  Defendants.         )
15  _____  )

16           Defendants MortgageIT, Inc. ("MortgageIT") and Mortgage

17  Electronic Registration Systems, Inc. ("MERS") have each filed motions

18  under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims

19  brought against them in Plaintiff's complaint.  (Docket Nos. 7, 15.)

20  MortgageIT also filed a motion under Federal Rule of Civil Procedure

21  12(f) to strike portions of Plaintiff's complaint.  (Docket No. 11.)

22  For the reasons stated below, MortgageIT and MERS' motions to dismiss

23  are GRANTED and MortgageIT's motion to strike is DENIED as MOOT.

24                      I.  **LEGAL STANDARDS**

25           A motion under Federal Rule of Civil Procedure 12(b)(6)

26  ("Rule 12(b)(6)") "challenges a complaint's compliance with . . .

27  _____

28         *   This matter is deemed to be suitable for decision without oral
    argument.  E.D. Cal. R. 230(g).

1  pleading requirements." <u>Champlaie v. BAC Home Loans Servicing, LP</u>,

2  No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D. Cal. Oct. 22,

3  2009).  A pleading must contain "a short and plain statement of the

4  claim showing that the pleader is entitled to relief . . . ." Fed. R.

5  Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice

6  of what the [plaintiff's] claim is and the grounds upon which relief

7  rests . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555

8  (2007).  Further, "[a] pleading that offers labels and conclusions or

9  a formulaic recitation of the elements of a cause of action will not

10  do.  Nor does a complaint suffice if it tenders naked assertions

11  devoid of further factual enhancement." <u>Ashcroft v. Iqbal</u>, 129 S. Ct.

12  1937, 1949 (2009).

13          To avoid dismissal, the plaintiff must allege "only enough

14  facts to state a claim to relief that is plausible on its face."

15  <u>Twombly</u>, 550 U.S. at 547.  "A claim has facial plausibility when the

16  plaintiff pleads factual content that allows the court to draw the

17  reasonable inference that the defendant is liable for the misconduct

18  alleged." <u>Iqbal</u>, 129 S. Ct. at 1949.  Plausibility, however, requires

19  more than "a sheer possibility that a defendant has acted unlawfully."

20  <u>Id.</u>  "When a complaint pleads facts that are merely consistent with a

21  defendant's liability, it stops short of the line between possibility

22  and plausibility of entitlement to relief." <u>Id.</u> (quotations and

23  citation omitted).

24          In evaluating a motion under Rule 12(b)(6), the material

25  allegations of the complaint are accepted as true and all reasonable

26  inferences are drawn in favor of the plaintiff.  <u>See al-Kidd v.</u>

27  <u>Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009).  However, neither

28

conclusory statements nor legal conclusions are entitled to a
presumption of truth.  See Iqbal, 129 S. Ct. at 1949-50.

Plaintiff's opposition includes his requests that judicial
notice be taken of three documents: (1) a copy of the Deed of Trust
securing his mortgage loan, (2) the Assignment of the Deed of Trust
and (3) a law review article entitled "Foreclosure, Subprime Mortgage
Lending and the Mortgage Electronic Registration System."  MERS
objects to judicial notice being taken of the law review article,
arguing that it is not a fact for which judicial notice is proper.

While, "as a general rule, a district court may not consider
materials not originally included in the pleadings in deciding a Rule
12 motion . . . it may take judicial notice of matters of public
record and may consider them without converting a Rule 12 motion into
one for summary judgment." U.S. v. 14.02 Acres of Land More or Less
in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008)(quotations and
citations omitted).  However, to take judicial notice of a fact, it
must be either "generally known within the territorial jurisdiction of
the trial court" or "capable of accurate and ready determination by
resort to sources whose accuracy cannot be reasonably be questioned."
Fed. R. Evid. 201(b).  The Deed of Trust and Assignment of Deed of
Trust are publicly recorded documents of which judicial notice is
proper.  However, Plaintiff's third exhibit – a law review article –
will not be judicially noticed as it is not a "fact" for which
judicial notice is proper.  See Champlaie, 2009 WL 3429622, at *4
(denying request for judicial notice of same article).

## II.  **FACTUAL AND PROCEDURAL BACKGROUND**

On or about June 28, 2006, Plaintiff obtained a loan from
MortgageIT to purchase his home, located at 11820 Slate Falls Way in

Rancho Cordova, California.  (Compl. ¶¶ 7, 31.)  The loan was memorialized in a Promissory Note secured by a Deed of Trust on the property.  (Id. ¶ 31.)  The Deed of Trust identifies MortgageIT as the lender and MERS as the beneficiary and nominee for the lender and the lender's successors and assigns.  (Id. ¶¶ 31, 32; Request for Judicial Notice, Ex. 1.)

Plaintiff's claims stem from his allegations that Defendants Padua and Wong, a loan officer and real estate broker of Defendant Optimum Lending, channeled him into his allegedly unaffordable mortgage loan.  (Id. ¶¶ 13, 14, 23-28.)  Specifically, Plaintiff alleges that Padua told him that he could get him the "best deal" and the "best interest rates" and that if the loan ever became unaffordable, he would be able to refinance.  (Id. ¶¶ 24, 28.) Plaintiff also alleges Padua exaggerated Plaintiff's earnings in order to obtain Plaintiff's loan.  (Id. ¶ 26.)

On August 21, 2009, Plaintiff filed a complaint in this federal district court, alleging nine claims under federal and state law against six Defendants.

### III.  **DISCUSSION**

#### A.  **Truth In Lending Act**

**1.  Plaintiff's Rescission Claim**

MortgageIT argues Plaintiff's Truth In Lending Act ("TILA") claim for rescission of his mortgage loan should be dismissed since TILA does not apply to "purchase-money" loans.  (MortgageIT Motion to Dismiss ("MortgageIT MTD") 3:7-26.)  Plaintiff "acknowledges that his claim for rescission is inapplicable as to Defendant MortgageIT." (Opp'n to MortgageIT MTD 7 n.3.)  Since residential mortgage transactions are excluded from the right to rescission under TILA,

1   Plaintiff's claim for rescission is dismissed with prejudice. <u>See</u> 15

2   U.S.C. § 1635(e)(1)(providing that the right of rescission does not

3   apply to a "residential mortgage transaction" in which a mortgage or

4   deed of trust is created or retained against the borrower's dwelling

5   to finance the acquisition of the dwelling).

6   **2.   Plaintiff's Claim for Damages**

7           MortgageIT also argues Plaintiff's TILA claim for damages

8   should be dismissed because his claim is barred by the one-year

9   statute of limitations. (MortgageIT MTD 5:16-6:5.) MortgageIT

10  further argues Plaintiff has failed to plead facts that support the

11  application of equitable tolling. (MortgageIT MTD 6:6-18.) Plaintiff

12  responds, arguing he has plead sufficient facts to show that the

13  statute of limitations period should be equitably tolled.

14          An action under TILA for actual or statutory damages must be

15  brought "within one year from the date of the occurrence of the

16  violation." 15 U.S.C. § 1640(e). The limitation period starts to run

17  "at the consummation of the [loan] transaction." <u>King v. California</u>,

18  784 F.2d 910, 915 (9th Cir. 1986). However, the doctrine of equitable

19  tolling may "suspend the limitations period" "in certain

20  circumstances," such as when the borrower did not have reasonable

21  opportunity to discover the alleged fraud or nondisclosures that form

22  the basis of the plaintiff's TILA claim. <u>Id.</u> "Because the

23  applicability of [equitable tolling] often depends upon matters

24  outside the pleadings, it is not generally amendable to resolution on

25  a Rule 12(b)(6) motion." <u>Supermail Cargo, Inc. v. U.S.</u>, 68 F.3d 1204,

26  1206 (9th Cir. 1995)(quotations and citation omitted). Nonetheless,

27  when a plaintiff fails to allege any facts demonstrating that the TILA

28  violations alleged could not have been discovered by due diligence

during the one-year statutory period, equitable tolling should not be applied and dismissal at the pleading stage is appropriate.  See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003)(dismissing TILA claim, despite request for equitable tolling, because plaintiff was in possession of all loan documents and did not allege any concealment or other conduct that would have prevented discovery of the alleged TILA violations during the one year limitations period).

Plaintiff alleges MortgageIT violated TILA by: "(a) failing to provide [the] required disclosures prior to the consummation of the transaction; (b) failing to make required disclosures clearly and conspicuously in writing; (c) failing to timely deliver to Plaintiff notices required by TILA;(d) placing terms prohibited by TILA into the transaction; and (e) failing to disclose all finance charge details and the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed."  (Compl. ¶ 58.) Further, Plaintiff alleges that "the facts surrounding his loan transaction were purposefully hidden [from him] to prevent [him] from discovering the true nature of the transaction and the documents involved therein."  (Id.  ¶ 30.)  Lastly, Plaintiff alleges these TILA violations were "discovered within the past year, such that any applicable statute of limitations . . . should be extended pursuant to the equitable tolling doctrine . . . ."  (Id.  ¶ 48.)

Plaintiff's allegations are insufficient to invoke the doctrine of equitable tolling.  The TILA violations complained of occurred at or prior to the closing of Plaintiff's loan transaction in June 2006, over three years prior to the commencement of this action. Plaintiff fails to explain in his complaint why he was prevented from discovering MortgageIT's alleged TILA violations within the one year

6

statutory period.  See <u>Blanco v. Am. Home Mortg. Servicing, Inc.</u>, No.
CIV 2:09-578 WBS DAD, 2009 WL 4674904, at *3 (E.D. Cal. Dec. 4,
2009)(finding equitable tolling inapplicable since plaintiff failed to
offer facts demonstrating how the facts surrounding plaintiff's
mortgage were concealed, and did not explain "what prevented her from
later reviewing the loan documents, which she admittedly was given at
closing . . .").  Plaintiff's allegation that "MortgageIT concealed
the facts surrounding his mortgage" is conclusory and does not justify
application of equitable tolling.  Since Plaintiff has not alleged
sufficient facts to invoke equitable tolling and suspend the statute
of limitations, his TILA claim for damages against MortgageIT is
dismissed.

## B.  California's Rosenthal Act

        Both MortgageIT and MERS move to dismiss Plaintiff's
Rosenthal Act claims.  MortgageIT argues Plaintiff failed to plead
this claim with sufficient factual detail.  (MortgageIT MTD 6:21-
7:21.)  MERS similarly argues "Plaintiff's allegations are conclusory
and fail to put MERS on fair notice of its alleged wrongdoing . . . ."
(MERS MTD 4:7-8.)  Plaintiff rejoins that he has satisfied the
requirements of Rule 8.  (Opp'n to MortgageIT MTD 9:22-23.)

        The Rosenthal Act serves to "prohibit debt collectors from
engaging in unfair or deceptive acts or practices in the collection of
consumer debts and to require debtors to act fairly in entering into
and honoring such debts."  <u>Arikat v. JP Morgan Chase & Co.</u>, 430 F.
Supp. 2d 1013, 1026 (N.D. Cal. 2006)(citing Cal. Civ. Code §
1788.1)(emphasis omitted).  However, the Act only governs the conduct
of a "debt collector," which under the statute is defined as "any
person who, in the ordinary course of business, regularly, and on

behalf of himself or herself . . . engages in debt collection."  Cal
Civ. Code. § 1788.2.

Plaintiff alleges "Defendants are debt collectors" and their
"actions constitute a violation of the Rosenthal Act in that they
threatened to take actions not permitted by law, including but not
limited to . . .: collecting on a debt not owed to [them], making
false reports to credit reporting agencies, falsely stating the amount
of a debt, increasing the amount of a debt by including amounts that
are not permitted by law or contract, and using unfair or
unconscionable means in an attempt to collect a debt."  (Compl. ¶ 68.)

Plaintiff's allegations, however, "are too vague to give
rise to any inference that a specific defendant has violated" the
Rosenthal Act.  <u>Arikat</u>, 430 F. Supp. 2d at 1027 (dismissing as too
vague, Rosenthal Act claim that alleged all violations against all
defendants without specifying each defendant's individual conduct).
Plaintiff's complaint is also deficient since it fails to allege which
sections of the Rosenthal Act MortgageIT and MERS, respectively,
violated.  <u>See</u> <u>Blanco</u>, 2009 WL 4674904, at *4 (dismissing claim under
Rosenthal Act, in part, for failing to identify the provisions of the
statute allegedly violated).  Therefore, Plaintiff's Rosenthal Act
claims against MortgageIT and MERS is dismissed.

### C.  Negligence

MorgageIT and MERS also argue that Plaintiff's negligence
claims should be dismissed since Plaintiff has failed to plead any
facts establishing that either Defendant owed Plaintiff a duty of care
which could give rise to a negligence claim.[1]  (MortgageIT MTD 8:18-

---

[1]  MortgageIT also argues Plaintiff's negligence claim is barred by
(continued...)

9:21; MERS 5:4-18.)  Plaintiff argues "MortgageIT owed a general duty of care to Plaintiff to perform its lender function in such a manner as to not cause Plaintiff harm" and "MERS owed Plaintiff a duty to perform its administrative function of recording, maintaining and transferring documents as it relates to Plaintiff's loans in a manner as not to cause Plaintiff harm."  (Opp'n to MortageIT MTD 12:14-23; Opp'n to MERS MTD 14:17-20.)

"The elements of a cause of action for negligence are: the defendant had a duty to use due care, . . . he or she breached that duty, and . . . the breach was the proximate or legal cause of the [plaintiff's] resulting injury." Vasquez v. Residential Invs., Inc., 118 Cal. App. 4th 269, 278 (2004).  "[T]he threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another . . . .  Whether this essential prerequisite has been satisfied in a particular case is a question of law." Glenn K. Jackson, Inc. v. Roe, 273 F.3d 1198, 1196-97 (9th Cir. 2001)(applying California law)(quotations and citations omitted).

"Under California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstances . . . ." Resolution Trust Corp. v. BVS Development, Inc., 42 F.3d 1206, 1214 (9th Cir. 1994)(citing Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991)).  "Special circumstances" giving rise to a duty of care may exist when the "lender actively participates in the financed enterprise beyond the domain of the usual money lender."

---

[1](...continued)
the two year limitations period imposed by  California Civil Code Section 339.  However, since Plaintiff's negligence claim against MortgageIT is dismissed on other grounds, this argument is not reached.

<u>Nymark v. Heart Fed. Savings & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1096 (1991).  This rule also applies to loan servicers.  <u>Azzini v. Countrywide Home Loans</u>, No. 09-cv-787 DMS (CAB), 2009 WL 5218042, at *2 (S.D. Cal. Dec. 29, 2009).  However, a lender may be held vicariously liable for negligence "when the lender actively participates in the negotiations of a loan, including through a broker as the lender's agent." <u>Mangindin v. Washington Mut. Bank</u>, 637 F. Supp. 2d 700, 710 (N.D. Cal. 2009)(quotations and citations omitted); <u>see also</u> <u>Wong v. Am. Servicing Co.</u>, No. 2:09-cv-01506, 2009 WL 5113516 FCD/DAD, at *6 (E.D. Cal. Dec. 18, 2009)("A lender may also be secondarily liable through the actions of a mortgage broker, who has a fiduciary duty to its borrower-client, if there is an agency relationship between the lender and the broker.")

Plaintiff alleges MortgageIT was the lender for his loan and MERS was the beneficiary and nominee for the lender and the lender's successor and assigns.  (Compl. ¶¶ 31, 32.)  Plaintiff further alleges MortgageIT and MERS "owed a duty to [him] to perform acts in such a manner as to not cause [him] harm" and that they "breached [this duty] . . . when they failed to maintain the original Mortgage Note, failed to properly create original documents, failed to make the required disclosures to [him,] . . . took payments to which they were not entitled, charged fees they were not entitled to charge, and made or otherwise authorized negative reporting of [his] creditworthiness to various credit bureaus . . . ." (<u>Id.</u> ¶¶ 75-76.)  Plaintiff also alleges "MortgageIT employed brokers and loan officers who were paid commissions based on the volume of loans they sold to consumers, including Plaintiff's loan . . . [and] MortgageIT's loan officers received a greater commission or bonus for placing borrowers in loans

1   with relatively high yield spread premiums.  As such, borrowers,

2   Plaintiff included, were steered and encouraged into loans with terms

3   unfavorable to them, or loans which the borrowers, Plaintiff included,

4   were not qualified to obtain."  (Id. ¶ 35.)

5        However, Plaintiff's negligence claim against MERS fails

6   because he has not alleged any conduct by MERS that was outside the

7   scope of its conventional role as a loan servicer.  Plaintiff,

8   therefore, has not pled facts demonstrating that MERS owed him a duty

9   of care.  See Azzini, 2009 WL 5218042, at *2 (dismissing negligence

10  claim against loan servicer).  Accordingly, Plaintiff's negligence

11  claim against MERS is dismissed.

12       Plaintiff's allegations against MortgageIT are also

13  insufficient to establish that MortgageIt owed him a duty of care.

14  Plaintiff argues that MortgageIT exceed its role as a lender by

15  "knowingly participat[ing] with broker Defendants to place Plaintiff

16  into [a] toxic loan[] with predatory terms . . . ."  (Opp'n to

17  MortgageIT MTD 12:25-28.)  However, Plaintiff has not plead facts

18  demonstrating that an agency relationship existed between MortgageIT

19  and the broker Defendants who sold Plaintiff his loan.  Plaintiff

20  alleges that Defendants Wong and Padua sold him his loan and that they

21  were a real estate broker and loan officer for Defendant Optimum

22  Lending.  (Compl. ¶¶ 12-14.)  Plaintiff, therefore, has not alleged

23  the existence of an agency relationship between Wong and Padua and

24  MortgageIT.  Accordingly, Plaintiff has not demonstrated that

25  MortgageIT owed him a duty of care and his negligence claim against

26  MortgageIT is dismissed.

27       Plaintiff counters his allegations state a claim against

28  MortgageIT for civil conspiracy to commit negligence.  Specifically,

Plaintiff contends "Defendant MortgageIT engaged in a civil conspiracy with broker and loan officer Defendants to place borrowers, Plaintiff included, in loans with relatively high yield spread premiums . . . ." (Opp'n to MortgageIT MTD 12:23-25.)

"The elements of an action for civil conspiracy are (1) formation and operation of the conspiracy; and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of a common design." Rusheen v. Cohen, 37 Cal. 4th 1048, 1062 (2006). "Civil conspiracy allows imposition of vicarious liability on a party who owes a tort duty, but who did not personally breach that duty." See Gonzalez v. First Franklin Loan Services, No. 1:09-CV-00941 AWI-GSA, 2010 WL 144862, at * 11 (E.D. Cal. Jan. 11, 2010)(dismissing claim for civil conspiracy to commit negligence). However, even when these elements are established, a conspirator cannot be liable unless he personally owed a duty of care to Plaintiff that was breached. See Applied Equip. Corp. V. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 512 (1994). Since Plaintiff has not pled facts demonstrating that MortgageIT owed him a duty of care, Plaintiff has not alleged a viable civil conspiracy claim against MortgageIT. Therefore, Plaintiff has failed to state a claim against MortgageIT for civil conspiracy to commit negligence.

### D.   Real Estate Settlement Procedures Act

MortgageIT also argues Plaintiff's Real Estate Settlement Procedures Act ("RESPA") claims should be dismissed because there is no private cause of action for violation of RESPA's disclosure requirements and, further, MortgageIT is not a "loan servicer" that may be held liable under RESPA. (MortgageIT MTD 10:9-11-10.) Plaintiff rejoins that under RESPA, MortgageIT was required to make

certain disclosures to Plaintiff at the time his mortgage loan closed. (Opp'n to MortgageIT MTD 6-12.)

RESPA requires that lenders provide borrowers with a standard disclosure form at or before the "settlement" of a mortgage loan transaction.  12 U.S.C. § 2603(b).  The disclosure form is required to "conspicuously and clearly itemize all charges imposed upon the borrower and . . . the seller . . . in connection with the settlement . . . ."  12 U.S.C. § 2603(a).  RESPA also requires that lenders and loan servicers make certain disclosures and communications to the borrower regarding the servicing of a mortgage loan.  See 12 U.S.C. § 2605.

Plaintiff's complaint alleges "MortgageIT violated RESPA at the time of closing of the [l]oan . . . by failing to correctly and accurately comply with [RESPA's] disclosure requirements."  (Compl. ¶ 82.)  However, there is no private right of action for violations of Section 2603's disclosure requirements.  Bloom v. Martin, 865 F. Supp. 1377, 1384 (N.D. Cal. 1994)(finding that Congress did not intend to create a private right of action for violations of Section 2603), aff'd, 77 F.3d 318 (1996).  Further, the disclosure provisions of RESPA that do confer a private right of action do not pertain to disclosures at a loan's closing.  Lopez v. Wachovia Mort., 2:09-CV-01510-JAM-DAD, 2009 WL 4505919, at *3 (Nov. 20, 2009).  Therefore, Plaintiff's RESPA claim brought under Section 2603 against MortgageIT is dismissed with prejudice.

Plaintiff also alleges "Defendants have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605."  (Compl. ¶ 84.)  However, Plaintiff has not alleged that MortgageIT is

13

either a lender or a loan servicer to whom the requirements of section 2605 apply.  Plaintiff merely alleges that he "is not certain at this time exactly which of Defendants was actually the servicer of [his] [l]oan at any given time."  (Id. ¶ 81.)  Without alleging that MortgageIT was a lender or loan servicer for the purposes of Section 2605, Plaintiff's claim cannot survive MortgageIT's dismissal motion.

Plaintiff's opposition raises the novel argument that "it remains unclear whether . . . Defendant MortgageIT . . . received 'kickbacks' or referral fees disproportional to the work performed, which is prohibited under 12 U.S.C. § 2607(a)."  (Opp'n to MortgageIT MTD 1416-23.)  Plaintiff's complaint, however, makes no mention of that provision nor alleges any facts suggesting that its requirements were violated.  A motion to dismiss "addresses the present state of the pleadings, not what an amended complaint might state."  Champlaie, 2009 WL 3429622, at *7.  Therefore, these new allegations will not be considered and Plaintiff's RESPA claim against MorgtgageIT is dismissed.

### E.  Breach of Fiduciary Duty

MortgageIt further argues Plaintiff's claim for breach of fiduciary duty should be dismissed because a lender does not owe a fiduciary duty to a borrower under California law.  (MortgageIT MTD 11:25-12:17.)  Plaintiff counters that MortgageIT owed him a fiduciary duty because it "directly ordered, authorized or participated in [the] broker Defendants tortious conduct when it knowingly and intentionally approved a loan to Plaintiff . . . [,and] interfered with broker Defendants' fiduciary obligations by offering them financial incentives to violate Plaintiff's trust."  (Opp'n to MorgageIT's MTD 16:2-7.)

14

To state a claim for breach of fiduciary duty, a plaintiff must show: (1) the existence of a fiduciary relationship; (2) the breach of that relationship; and (3) damage proximately caused by the breach.  <u>Roberts v. Lomanto</u>, 112 Cal. App. 4th 1553, 1562 (2003).  However, "[a]bsent special circumstances . . . a loan transaction is [an] at arms-length [transaction] and there is no fiduciary relationship between the borrower and lender."  <u>Oaks Mgmt. Corp. v. Superior Court</u>, 145 Cal. App. 4th 453, 466 (2006).  "A commercial lender is entitled to pursue its economic interest in a loan transaction.  This right is inconsistent with the obligations of a fiduciary, which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another."  <u>Gonzalez</u>, 2010 WL 144862, at *13.  A lender, however, may be held vicariously liable for breach of fiduciary duty when a broker, who is an agent of the lender, breaches a fiduciary duty owed to the borrower.  <u>Id.</u>

Plaintiff alleges "Defendants, by and through their agents, owed [him] a fiduciary duty . . . to act primarily for his benefit, to act with proper skill and diligence, and not to make a personal profit from the agency . . . ."  (Compl. ¶ 91.)  Plaintiff also alleges that "MortgageIT directly ordered, authorized or participated in Defendants Optimum [Lending] and Wong's tortious conduct."  (<u>Id.</u> ¶ 88.)  Plaintiff further alleges "MortgageIT . . . interfered with Defendants Wong and Padua's fiduciary obligations by offering Wong and Padua incentives to breach their fiduciary duty by means of creating and participating in a scheme that created an illusion to consumers that they are being informed of all of the material facts, when in fact they are not."  (<u>Id.</u> ¶ 94.)

1    Plaintiff's breach of fiduciary duty claim against
2  MortgageIt fails for the same reason his negligence claim fails.
3  Plaintiff argues MortgageIt owed him a fiduciary duty resulting from
4  its influence over its brokers.  However, Plaintiff has not alleged
5  that an agency relationship existed between MortgageIT and Defendants
6  Padua and Wong, who sold Plaintiff his loan.  Plaintiff, therefore,
7  has not pled facts demonstrating that MortgageIT owed Plaintiff a
8  fiduciary duty which could give rise to a claim for breach of that
9  duty.  Accordingly, Plaintiff's breach of fiduciary duty claim against
10 MortgageIT is dismissed.

11                              **F.  Fraud**

12    Both MortgageIT and MERS argue Plaintiff's fraud claims
13 should be dismissed because Plaintiff's complaint fails to comply with
14 the heightened pleading standard required by Federal Rule of Civil
15 Procedure 9(b)("Rule 9(b)").  Plaintiff argues he has satisfied Rule
16 9(b)'s requirements.

17    Under California law, the elements of a fraud claim are: (1)
18 misrepresentation (including, false representation, concealment, or
19 nondisclosure); (2) knowledge of falsity; (3) intent to induce
20 reliance; (4) justifiable reliance; and (5) resulting damage.  Lazar
21 v. Superior Court, 12 Cal.4th 631, 638 (1996).  A claim for fraud in
22 federal court, however, must satisfy Rule 9(b)'s particularity
23 requirements.  See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th
24 Cir. 2003).  "A pleading is sufficient under Rule 9(b) if it
25 identifies the circumstances constituting fraud so that the defendant
26 can prepare an adequate answer from the allegations.  The complaint
27 must specify such facts as the times, dates, places, benefits
28 received, and other details of the alleged fraudulent activity."

1  Neubronner v. Milken, 6 F.3d 666, 671-72 (9th Cir. 1993)(quotations
2  and citations omitted).

3         Plaintiff alleges in his fraud claim that Defendants Padua
4  and Wong made false representations to Plaintiff, at the inception of
5  his loan transaction regarding interest rates, financing options, the
6  availability of refinancing and Plaintiff's qualifications for the
7  loan.  (Compl. ¶ 98.)  Plaintiff also alleges "MortgageIT regularly
8  trained, directed, authorized and/or participated with mortgage
9  brokers to implement [a] scheme, giving them monetary incentives to
10 violate the borrowers' trust"; and "MERS misrepresented to Plaintiff
11 on the Deed of Trust that it is a qualified beneficiary with the
12 ability to assign or transfer the Deed of Trust and/or the Note and/or
13 substitute trustees under the Deed of Trust" and "misrepresented that
14 it followed the applicable legal requirements to transfer the Note and
15 Deed of Trust to subsequent beneficiaries."  (Compl. ¶¶ 99, 101.)

16        Plaintiff's fraud claims clearly fail to satisfy the
17 requirements of Rule 9(b).  Although Plaintiff alleges Defendants Wong
18 and Padua made false representations at the inception of Plaintiff's
19 loan transaction, Plaintiff fails to adequately allege how the moving
20 Defendants are responsible for those alleged misrepresentations.
21 Further, Plaintiff's allegations against MERS do not include the time,
22 date, place, or benefits resulting from MERS allegedly fraudulent
23 activity.  Since Plaintiff's fraud claims against MortgageIT and MERS
24 fail to satisfy Rule 9(b), they are dismissed.

25                    **G.   Breach of Contract**

26        MortgageIT also argues Plaintiff's claim for breach of
27 contract should be dismissed since Plaintiff has not alleged that
28 MortgageIt made a promise to provide Plaintiff with an affordable loan

or to refinance his loan.  (MortgageIT MTD 16:23-17:10.)  Plaintiff argues MortgageIT is a party to the loan agreement and under the terms of the agreement, Plaintiff was promised an affordable loan with the "best interest rates on the market" and the ability to refinance his loan when it became unaffordable.  (Opp'n to MortgageIT MTD 20.)

To state a claim for breach of contract under California law, a plaintiff "must plead and prove (1) a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to Plaintiffs."  Troyk v. Farmers Group, Inc., 171 Cal. App. 4th 1305, 1352 (2009).

Plaintiff alleges he "entered into an agreement with Defendants MortgageIT, Padua, Wong, whereby Defendants promised to provide Plaintiff with an affordable loan" and they breached the agreement by "failing to provide Plaintiff with an affordable loan." (Compl. ¶ 118.)  However, earlier in his complaint, Plaintiff alleges that it was Defendant Padua who told him that "he could get him the best deal and the best interest rates" and that if the loan became unaffordable, it could be refinanced.  (Id. ¶¶ 24, 28.)  Plaintiff, therefore, has not alleged that these oral promises made by Padua were incorporated into his loan agreement with MortgageIT or that MortgageIT was aware of or agreed to those terms.  Plaintiff, therefore, has not demonstrated that his loan agreement with MortgageIT included the promises that were allegedly breached. Accordingly, Plaintiff's breach of contract claim against MortgageIT cannot survive MortgageIT's dismissal motion.  See Logan v. Resmae Mortg. Corp., No. 2:09-cv-016132-MCE-GGH, 2009 WL 5206716, at *4 (E.D. Cal. Dec. 24, 2009)(dismissing breach of contract claim with same allegations).

**H.   Breach of Implied Covenant of Good Faith and Fair Dealing**

MortgageIT argues Plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed since "it is nothing more than an improper effort to impose a fiduciary duty where none exists."  (MortgageIT MTD 18:2-3.) MortgageIT further argues that the alleged breaches concern "pre-contract" statements and disclosures which are not actionable under a claim for breach of the implied covenant of good faith and fair dealing.  (MortgageIT MTD 9-10.)  Plaintiff rejoins his allegations demonstrate "MortgageIT is guilty of not dealing in good faith." (Opp'n to MortgageIT MTD 21.)

"Generally, every contract, . . . imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."  McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 799 (2008)(quotations and citations omitted).  "[T]he implied covenant operates to protect the express covenants or promises of [a] contract. In essence, the covenant is implied as a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract."  Id. at 806 (quotations and citations omitted)(emphasis in original).  Therefore, the implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of [the parties] agreement."  Id.

Under California law, "no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'"  Pension Trust Fund v. Federal Ins. Co.,

307 F.3d 944, 955 (9th Cir. 2002)(applying California law)(citing Mitsui Mfrs. Bank v. Superior Court, 212 Cal. App. 3d 726, 730 (1989)). "A central test of whether a lender is subject to this tort is whether there is a fiduciary relationship in which the financial dependence or personal security by the damaged party has been entrusted to the other." Id. (quotations and citations omitted). Further, the implied covenant "does not require parties to negotiate in good faith prior to any agreement." McClain, 159 Cal. App. 4th at 799.

Plaintiff's complaint alleges "a duty of good faith and fair dealing was implied by law into the contract at issue in this action" and "Defendants . . . breached the duty of good faith and fair dealing by: (a) [f]ailing to pay at least as much regard to Plaintiff's interests as to Defendants' interests; (b) failing to disclose to Plaintiff the true nature of the loan that is the subject of this action; [and] (c) failing to give Plaintiff the requisite notice and disclosures." (Compl. ¶¶ 122-23.)

Plaintiff's claim, however, fails since he has not alleged what contract forms the basis of his claim; nor has he identified any express provision which has been frustrated by MortgageIT's conduct. Further, Plaintiff has not alleged the existence of any "special relationship" between him and MortgageIT to invoke the implied covenant. Lastly, to the extent Plaintiff's claim is based upon conduct occurring during pre-contract negotiations, the implied covenant does not apply. Therefore, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing against MortgageIT is dismissed.

1 **I.   California Business & Professions Code § 17200**

2        Lastly, both MortgageIT and MERS argue Plaintiff's claim

3 under California Business & Professions Code § 17200 *et seq.* (the

4 "UCL") should be dismissed.  MortgageIT argues Plaintiff's claim is

5 deficient since it is premised upon his other claims, none of which

6 state a viable claim.  (MortgageIT MTD 15:19-24.)  MERS argues

7 Plaintiff's UCL claim is vague and conclusory and does not give MERS

8 fair notice of the basis upon which it is being sued.  (MERS MTD 6:20-

9 7:9.)  Plaintiff argues his UCL claim is sufficient since he has

10 alleged "multiple violations . . . of specific statutory and common

11 law provisions under federal and state laws . . . ."  (Opp'n to

12 MortgageIT MTD 18:17-20.)

13        California's UCL "prohibits specific practices which the

14 legislature has determined constitute unfair trade practices."  Cal-

15 Tech Commc'ns. Inc. v. L.A. Cellular Telephone Co., 20 Cal. 4th 163,

16 179 (1999)(quotations and citations omitted).  "[A]n action based on

17 [the UCL] to redress an unlawful business practice 'borrows'

18 violations of other laws and treats these violations . . . as unlawful

19 practices, independently actionable under section 17200 et seq. and

20 subject to the distinct remedies provided thereunder."  Farmers Ins.

21 Exchange v. Superior Court, 2 Cal. 4th 377, 383 (1992)(quotations and

22 citations omitted).  "A plaintiff alleging unfair business practices

23 under [the UCL] must state with reasonable particularity the facts

24 supporting the statutory elements of the violation."  Khoury v. Maly's

25 of California, Inc., 14 Cal. App. 4th 612, 619 (1993).

26        Plaintiff alleges "Defendants acts alleged [in the

27 complaint] constitute unlawful, unfair, and /or fraudulent business

28 practices, as defined" under the UCL.  (Compl. ¶ 111.)  Further,

Plaintiff alleges "[a]s a result of Defendants' wrongful conduct, Plaintiff has suffered various injuries according to proof at trial." (Id. ¶ 112.)

Plaintiff's UCL claims against MortgageIT and MERS are deficient. First, Plaintiff's claim is vague and conclusory and he fails to state any supporting facts. Plaintiff has neither differentiated between the conduct of MortgageIT and MERS; nor has he identified a specific practice of either Defendant that he contends is "unfair" or "fraudulent." Plaintiff's allegations, therefore, lack the "reasonable particularity" that is required to state a claim under the UCL. Second, Plaintiff's UCL claim is entirely premised upon the other claims he alleges in his complaint, all of which fall to state a claim. Since none of his other claims are viable, by necessity, his UCL claim must also fail. Therefore, Plaintiff's UCL claims against MortgageIT and MERS are dismissed.

## IV.  **CONCLUSION**

For the stated reasons, MortgageIT and MERS' motions to dismiss are GRANTED and Plaintiff's complaint is DISMISSED. Since all claims against MortgageIT are dismissed, MortgageIT's motion to strike is DENIED as MOOT. Plaintiff, however, is granted leave to amend any claim that has not been dismissed with prejudice. Any amended pleading shall be filed within fourteen (14) days of the date on which this order is filed.

Dated:  January 29, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge