```
 1
 2
 3
 4                    IN THE UNITED STATES DISTRICT COURT
 5                  FOR THE EASTERN DISTRICT OF CALIFORNIA
 6
 7  ADAM LINGAD,                        )
                                        )
 8              Plaintiff,              )  2:09-cv-02347-GEB-JFM
                                        )
 9       v.                             )  ORDER DENYING MOTION TO
                                        )  EXTEND TIME FOR SERVICE
10  INDYMAC FEDERAL BANK; MORTGAGEIT,   )
    INC.; MORTGAGE ELECTRONIC           )
11  REGISTRATION SYSTEMS, INC.; OPTIMUM )
    LENDING GROUP, INC.; FRANK HOI      )
12  CHEUNG WONG; ANTHONY PADUA; DOES    )
    1-20 inclusive,                     )
13                                      )
                Defendants.             )
14  _____)
```

On December 9, 2009, an order issued notifying Plaintiff that "**under Rule 4(m)** of the Federal Rules of Civil Procedure ("Rule 4(m)") . . . **Defendants Optimum Lending Group, Inc. and Anthony Padua could be dismissed as defendants in this action . . . unless Plaintiff provides proof of service and/or 'shows good cause for the failure' to serve these defendants within Rule 4(m)'s 120 day prescribed period, in a filing due no later than 4:00 p.m. on December 21, 2009.**" (Order Continuing Status Conference 1-2)(emphasis in original); see also Ruiz Varela v. Sanchez Velez, 814 F.2d 821, 823 (1st Cir. 1987)(stating that dismissal under predecessor Federal Rule of Civil Procedure 4(j) "can be ordered on the court's initiative only with 'notice' to the plaintiff"). Defendants Optimum Lending Group, Inc. and Anthony Padua (the "unserved Defendants") were named in Plaintiff's initial complaint filed on August 21, 2009, and have not yet been served.

1  Under Rule 4(m)'s 120 day service period, the complaint was required
2  to have been served on the unserved Defendants by December 19, 2009.
3          Plaintiff did not file a response to the Court's Rule 4(m)
4  dismissal notice by December 21, 2009.  Instead, on December 29, 2009,
5  Plaintiff filed a "Motion for Enlargement of Time to Serve Defendants
6  Optimum Lending Group, Inc. and Anthony Padua."  The motion is noticed
7  for hearing on February 22, 2010.  In this motion, Plaintiff "requests
8  the Court grant him an additional 90 days to obtain the current
9  address of Defendants Optimum and Padua and to perfect service."
10 (Mot. for Enlargement of Time 4:13-14.)  Plaintiff's motion merely
11 states that "[n]umerous attempts have been made to serve Optimum and
12 Padua" and that Plaintiff has "made reasonable efforts to serve"
13 defendants.  (Id. 3:14-17, 27.)  In support, Plaintiff's counsel
14 declares: "Numerous attempts have been made to serve Optimum and
15 Padua" and "[a]n additional search will be instituted through the
16 people and business finder services of Lexis/Nexis.  Once the new
17 locations are discovered, the complaint will be sent out for service.
18 Inquiry is also be [sic] made through the Secretary of State's office
19 for newer public documents and information."  (Lapin Decl. ¶¶ 9-10.)
20         "Rule 4(m) requires a two-step analysis in deciding whether
21 or not to extend the prescribed time period for the service of a
22 complaint."  In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001)(citing
23 Fed. R. Civ. P. 4(m)); see also Lemoge v. United States, 587 F.3d
24 1188, 1198 (9th Cir. 2009)(outlining the "two avenues for relief"
25 provided by Rule 4(m)).  "First, upon a showing of good cause for the
26 defective service, the court must extend the time period.  Second, if
27 there is no good cause, the court has discretion to dismiss without
28 prejudice or to extend the time period."  Id.

1    "Good cause to avoid dismissal may be demonstrated by
2  establishing, at a minimum, excusable neglect." <u>Lemoge</u>, 587 F.3d
3  1188, 1198 n.3 (9th Cir. 2009)(citing <u>Boudette v. Barnette</u>, 923 F.2d
4  754, 756 (9th Cir. 1991)).  However, to bring excusable neglect "to
5  the level of good cause""a plaintiff may be required to show the
6  following factors": "(a) the party to be served received actual notice
7  of the lawsuit; (b) the defendant would suffer no prejudice; and (c)
8  plaintiff would be severely prejudiced if his complaint were
9  dismissed."  <u>In re Sheehan</u>, 253 F.3d at 512 (citing <u>Boudette</u>, 923 F.2d
10 at 756).
11   Plaintiff argues in his motion, in conclusory fashion, that
12 Plaintiff has "demonstrated good cause for his inability to serve
13 defendants within 120 days."  Although Plaintiff supports his motion
14 with his counsel's conclusory averments that "[n]umerous attempts"
15 have been made to serve the unserved Defendants, Plaintiff does not
16 explain when these "attempts" were made, when he first learned that
17 the addresses for the unserved Defendants were "no longer good," or
18 why his Lexis Nexis search and inquiry with the Secretary of State's
19 office were not conducted or made earlier.
20   Plaintiff's counsel made nearly identical conclusory
21 statements in another case assigned to the undersigned judge, <u>Altmann
22 v. Indymac Federal Bank</u>, 2:09-cv-02361-GEB-GGH, in which counsel has
23 also filed a motion requesting additional time to serve unserved
24 defendants.  This suggests Plaintiff's counsel opines that providing
25 unverifiable information concerning his attempts to effect service is
26 a sufficient response to a Rule 4(m) dismissal notice.  Providing
27 verifiable information could aid the Court in its decision of whether
28 good cause exists, and if so, how long of an extension should be

granted; and, if it does not exist, whether the court should nonetheless exercise its discretion by granting additional time to Plaintiff to perfect service.

Plaintiff has not provided the Court with sufficient information to determine whether his failure to effectuate service resulted from "professional incompetence," "an easily manufactured excuse incapable of verification of the court," "a complete lack of diligence" or "inadvertence despite counsel's substantial good faith efforts towards compliance." <u>Dominic v. Hess Oil V.I. Corp.</u>, 841 F.2d 513, 517 (3d Cir. 1988). "Courts that have considered this issue . . . agree that counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." <u>Friedman v. Estate of Presser</u>, 929 F.2d 1151, 1157 (6th Cir. 1991). Plaintiff clearly has not demonstrated that good cause justifies his failure to serve the unserved Defendants.

Even though Plaintiff has failed to demonstrate good cause, the issue remains whether the Court should exercise its discretion and provide Plaintiff with additional time to serve the unserved Defendants. <u>See</u> <u>Efaw v. Williams</u>, 473 F.3d 1038, 1041 (9th Cir. 2007) (stating that Rule 4(m) "*permits* the district court to grant an extension even in the absence of good cause" (emphasis in original)). The Ninth Circuit has explained the scope of the district court's discretion under Rule 4(m) as follows:

> District courts have broad discretion to extend time for service under Rule 4(m). . . . On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* the 120-day period. *However, no court has ruled that the discretion is limitless*. In making extension

```
                    decisions under Rule 4(m) a district court may
                    consider factors like statute of limitations
                    bar, prejudice to the defendant, actual notice
                    of a lawsuit, and eventual service.
```

Id. (quotations and citations omitted)(emphasis added).

        Plaintiff has not provided the Court with a persuasive reason for why it should exercise its discretion by extending the time period in which Plaintiff may serve the unserved Defendants.  Nor has Plaintiff suggested that any applicable statute of limitations will bar his claims, or that either of the unserved Defendants has actual notice of the lawsuit.  Since Plaintiff has not provided sufficient justification for his inability to timely serve the unserved Defendants, and has not provided facts persuading the Court to exercise its discretion in favor of the extension of the service period Plaintiff requests, the Court declines to exercise its discretion under Rule 4(m) to extend the time for service.

        Therefore, the unserved Defendants - Optimum Lending Group, Inc. and Anthony Padua - are dismissed without prejudice from this action.  Plaintiff's motion filed December 29, 2009 and noticed for hearing on February 22, 2010, is DENIED and the hearing date is VACATED.

Dated:  February 3, 2010

                                            GARLAND E. BURRELL, JR.
                                            United States District Judge