IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALAN LINGAD, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-cv-02347-GEB-JFM |
| | ) | |
| v. | ) | <u>ORDER DECLINING TO EXERCISE</u> |
| | ) | <u>SUPPLEMENTAL JURISDICTION</u> |
| INDYMAC FEDERAL BANK; MORTGAGEIT, | ) | <u>OVER PLAINTIFF'S STATE LAW</u> |
| INC.; MORTGAGE ELECTRONIC | ) | <u>CLAIMS</u> |
| REGISTRATION SYSTEMS, INC.; FRANK | ) | |
| HOI CHEUNG WONG, | ) | |
| | ) | |
| Defendants. | ) | |

MortgageIT, Inc. ("MortgageIT") has filed a dismissal motion under Federal Rule of Civil Procedure 12(b)(6), in which it challenges the sufficiency of allegations in Plaintiff's first amended complaint, and a motion under Federal Rule of Civil Procedure 12(f) to strike certain portions of Plaintiff's first amended complaint. Plaintiff filed a "Statement of Non-Opposition" in which Plaintiff states in pertinent part:

> Plaintiff's original Complaint in this matter contained a First Cause of Action under the Truth in Lending Act, 15 U.s.C. § 1604 ("TILA") and a Fourth Cause of Action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"). Plaintiff has subsequently filed his First Amended Complaint (Docket No. 42) which

1

> removes these, and any other, federal causes of action. Plaintiff hereby requests that all claims against all Defendants herein be dismissed, <u>without prejudice</u>, or, in the alternative, that Plaintiff be granted leave to amend so as to clarify the factual assertions regarding the roles, residence, citizenship, and actions of the parties hereto, and otherwise correct such deficiencies as are addressed in the Defendants' pending Motions regarding Plaintiffs' First Amended Complaint (Docket No. 42), herein.
> As the Court is aware, jurisdiction in this matter was originally based upon "federal questions" arising from Plaintiff's Causes of Action under TILA and RESPA. No issue has been raised herein regarding diversity of the parties, and Plaintiff asserts that no basis for "diversity" jurisdiction exists in this cause. Accordingly, if the TILA and RESPA claims are dismissed, or removed through amendment, there is no proper basis for federal jurisdiction over the remaining state law issues. Plaintiff therefore respectfully requests that the Court dismiss all claims against all Defendants herein, without prejudice, or, in the alternative, grant the Plaintiff leave to amend his Complaint as described above.

(Pl.'s Statement of Non-Opposition 1:24-2:5.)

Since Plaintiff's first amended complaint does not contain a federal claim, the Court may decide, under 28 U.S.C. § 1367(c)(3), whether to continue exercising supplemental jurisdiction over Plaintiff's remaining state law claims. See <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (suggesting that district court may, but need not, <u>sua sponte</u> decide whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law claims have been dismissed). Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state law] claim" if "the district court has dismissed all claims over which it has original jurisdiction . . . ." The decision to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) should be informed by the values of economy,

1 convenience, fairness and comity as delineated by the Supreme Court in
2 United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1996).  Acri,
3 114 F.3d at 1001.
4      Since state courts have the primary responsibility for
5 developing and applying state law, the Gibbs values do not favor
6 retaining jurisdiction in this case.  See Acri, 114 F.3d at 1001
7 (stating that "in the usual case in which all federal-law claims are
8 eliminated before trial, the balance of factors will point towards
9 declining to exercise jurisdiction over the remaining state-law
10 claims" (quotations and citation omitted)); Curiel v. Barclays Capital
11 Real Estate Inc., No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D.
12 Cal. Mar. 2, 2010) (stating "primary responsibility for developing and
13 applying state law rests with the state courts" and declining to
14 exercise supplemental jurisdiction after dismissal of the federal
15 claims); Anderson v. Countrywide Fin., No. 2:08-cv-01220-GEB-GGH, 2009
16 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "the Gibbs
17 values do not favor continued exercise of supplemental jurisdiction"
18 once all federal claims have been resolved).  Therefore, the Court
19 declines to continue exercising supplemental jurisdiction over the
20 state law claims alleged in Plaintiff's first amended complaint and
21 they are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).
22 Accordingly, this case shall be closed.

Dated:  April 12, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28